MORLEY v. CHOUKOURIAN.

1. NEW TRIAL—PARTIAL NEW TRIAL—DISCRETION OF COURT.
   It is within the discretion of a trial court to order partial new trials in proper cases (Court Rule No 47 [1945]).

2. SAME—MOTIONS—QUESTIONS NOT RAISED ON TRIAL.
   A motion for a new trial cannot be made the vehicle for raising questions not raised on the trial.

3. SAME—PARTIAL NEW TRIAL—AFFIDAVIT OF MERITS—SUMMARY JUDGMENT.
   On partial retrial in action to recover moneys paid under a rescinded contract for purchase of furniture and furnishings of a rooming house, trial court properly allowed defendant credit for item of repairs pursuant to affidavit of merits filed prior to entry of summary judgment (Court Rule No 47 [1945]).

4. SAME—PARTIAL NEW TRIAL—SUMMARY JUDGMENT—SUBSEQUENT AFFIDAVIT OF MERITS.
   Refusal of court, on partial new trial, to consider questions of additional items contained in and raised for the first time in affidavits of merits filed after summary judgment had been entered was proper (Court Rule No 47 [1945]).

Appeal from Wayne; Maher (Thomas F.), J. Submitted June .22, 1949. (Docket No. 58, Calendar No. 44,465.) Decided September 8, 1949.

Action by Charles Morley against Dick Choukourian for amount paid on rescinded contract. Summary judgment for plaintiff. Reduced judgment for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial, §§ 21–25.

plaintiff on partial new trial. Defendant appeals. Affirmed.

*Donald W. Grant,* for plaintiff.

*Lipshy & Cohen* (*I. Goodman Cohen,* of counsel), for defendant.

REID, J. Plaintiff rescinded a contract for purchase of certain furniture and furnishings, sued to recover moneys paid on the purchase, and had summary judgment. Defendant, who was granted a partial new trial, appeals from a reduced judgment for plaintiff.

Defendant owned a rooming house with 24 rooms at 1060 Beech street, Detroit, including the real estate and the personal property therein situated. On July 16, 1946, defendant by a written title-retaining contract agreed to sell to plaintiff the furniture and furnishings in the rooming house for the sum of $2,200, of which $800 was paid down, and the balance was to be paid at the rate of $50 per month with interest at 6 per cent. By the terms of the contract, plaintiff was to have the use and possession of the furniture and furnishings, but in case of default in payment, defendant should have the right to terminate the contract and repossess himself of the furniture. On the same day as the sales contract, a 6-months lease of the real estate was executed. The lease was renewed for a 6-months period and after the expiration of that period, plaintiff continued in possession of the real estate and property on a monthly rental. On March 22, 1948, defendant obtained a writ of restitution and on March 24, 1948, there was restored to defendant the possession of the real estate. Apparently the personal property, the subject of the conditional sales agreement, remained in the building.

Plaintiff asserted to defendant that, plaintiff not being in default, plaintiff was entitled to possession of the personal property, furniture and furnishings. Defendant declared that he deemed himself insecure. Plaintiff had paid defendant a total of $1,852.50 of principal and interest. Upon defendant refusing to restore to plaintiff the possession of the furniture and furnishings, plaintiff elected to rescind the sales agreement and demanded return of the said $1,852.50.

On April 15, 1948, plaintiff began suit to recover the amount of the moneys paid. Defendant on June 18, 1948, filed 2 affidavits of merits, one sworn to on June 4, 1948 and the other sworn to on June 16, 1948. In the latter affidavit, defendant among other things said, "The plaintiff failed to repair the plumbing fixtures and electrical fixtures as agreed to by the terms of his lease," and, "that he [defendant] has other and different meritorious defenses to said action."

In his said affidavits, defendant swore that the plaintiff was indebted to the defendant in the sum of $400, with interest from July 16, 1946.

The court on July 12, 1948, rendered summary judgment for plaintiff for $1,852.50. August 14, 1948, defendant filed a motion labeled, "motion for leave to file belated motion to set aside summary judgment." In his motion defendant claimed that the summary judgment was excessive in the amount of $220.

In an amended affidavit of merits filed September 30, 1948, defendant claimed:

"As set-off and recoupment for several items including $1,000 for use and rental of furniture and equipment, $350 for repairs (electrical, carpenter, plastering and plumbing), $220 for reasonable value of furniture converted and unaccounted for, $162 for unpaid rent due and owing, and an accounting of the

profits necessitated by and as a condition precedent in rescission to place the parties *in status quo.*"

A fourth affidavit of merits was filed by defendant, including details of items referred to in the last preceding affidavit of merits. The court filed his reasons, dated May 3, 1948, for denying entire new trial, among other things therein stating:

"The reason urged by defendant as a basis for an entire new trial is that he should be allowed to interpose a claim of set-off based upon the value of the use of the furniture and fixtures by plaintiff while in the latter's possession. In the first and second affidavits of merits filed by defendant, this question was not raised, therefore and because the point was not raised prior to judgment, an entire new trial to permit defendant to take advantage of such defense is denied. However, as to the questions of rent and repairs and which points were set forth in the affidavits of merits aforesaid, this court is of the opinion that a partial new trial as to those matters should be granted."

The court on January 20, 1949, granted a partial new trial, the order for which, after recitals, contained the following:

"It is ordered that a partial new trial be had as to the questions of rent and repairs as set forth in the affidavits of merits with costs to plaintiff * * * and * * * that the motion of defendant in all other respects be and the same is hereby denied."

Plaintiff does not raise any question as to the right of the court on January 20, 1949 to grant a new trial, and claims the limitation of the new trial was proper.

On January 24, 1949, judgment was rendered for the plaintiff and against the defendant for $1,654.40, with costs, in lieu of the former judgment for $1,852.50.

The controversy in this case is over defendant's claim that his set-off and recoupment should be increased and that he be allowed a corresponding decrease in the judgment against him on account of the items contained in his third and fourth affidavits of merits, which items, however, were not contained in his first and second affidavits of merits filed before the summary judgment.

The new matter in the third and fourth affidavits is not incorporated in defendant's answer. Defendant at no time tendered or requested leave to amend his answer so as to include any of the said new items.

Defendant claims that the trial court should have granted him an entire new trial and should not have limited him to a partial new trial on the items suggested in his second affidavit of merits.

Section 2 of our Court Rule No 47 (1945) is as follows:

"Partial new trials, limited to one or some of the issues or matters tried, may be ordered by trial courts or the Supreme Court in proper cases."

Defendant's claim of a defense for set-off for the reasonable value of plaintiff's use of the furniture and conversion of furniture and also the defense of plaintiff's failure to make a tender prior to rescission, were not raised by defendant before the entry of the summary judgment on July 12, 1948. Such questions were raised for the first time in the defendant's third and fourth affidavits of merits.

Defendant's motion filed August 14, 1948 was treated as a motion for an entire new trial.

"Motion for new trial cannot be made the vehicle for raising questions not raised on the trial." *Mesh* v. *Citrin,* 299 Mich 527, 535, 536.

The court found on the partial retrial that the item of repairs, referred to in defendant's second affi-

davit of merits, amounted to $220, and allowed defendant credit therefor. We cannot say from the record that this allowance was incorrect in any particular nor that it was other than a just, fair and proper allowance.

The court properly refused to consider the questions of additional items contained in and raised for the first time in the third and fourth affidavits of merits, which said affidavits were filed after the summary judgment. The judgment appealed from is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.